IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ANTIONE THOMAS, #02399247,<br><br>  Plaintiff,<br><br>v.<br><br>CAMPBELL BARKER, et al.,<br><br>  Defendants. | §<br>§<br>§<br>§<br>§<br>§  Case No. 6:25-cv-66-JDK-KNM<br>§<br>§<br>§<br>§<br>§ |

### ORDER ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Antoine Thomas, a Texas Department of Criminal Justice inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.

On March 7, 2025, Judge Mitchell issued a Report and Recommendation recommending that the Court dismiss this case with prejudice pursuant to 28 U.S.C. § 1915A(b). Docket No. 8. Plaintiff objected. Docket No. 10.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from

1

ten to fourteen days). A party objecting to a Magistrate Judge's Report must specifically identify those findings to which he objects. Frivolous, conclusory, or general objections need not be considered by the District Judge. *See Nettles v. Wainright*, 677 F.2d 404, 410 & n.8 (5th Cir. 1982) (en banc). Furthermore, objections that simply rehash or mirror the underlying claims addressed in the Report are not sufficient to entitle the party to de novo review. *See United States v. Morales*, 947 F. Supp. 2d 166, 171 (D.P.R. 2013) ("Even though timely objections to a report and recommendation entitle the objecting party to *de novo* review of the findings, 'the district court should be spared the chore of traversing ground already plowed by the Magistrate.'") (internal citations omitted); *see also Vega v. Artuz*, 2002 WL 31174466 *1 (S.D.N.Y. Sep. 2002) ("However, objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke *de novo* review of the magistrate judge's recommendations.").

The Magistrate Judge recommended dismissal of Plaintiff's claims against a Judge and Magistrate Judge of this Court because they are frivolous, barred by sovereign immunity and judicial immunity, and fail to state a viable claim for relief under federal law. Plaintiff's objections do not identify any error in that conclusion. Plaintiff simply rehashes his dissatisfaction with the Defendants' handling of underlying lawsuit(s). But the remedy for any district court error is appeal, not a civil lawsuit. Plaintiff also argues his underlying claims and attaches evidence he

maintains is relevant to those claims, but those issues have no bearing on the claims before the Court in this case.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 8) as the opinion of the District Court. Plaintiff's objections are **OVERRULED**, and this case is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b). Any pending motions are **DENIED** as moot.

So **ORDERED** and **SIGNED** this **1st** day of **April, 2025.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE